

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James E. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-2294
Re: Authority of Railroad Com-
mission to issue contract
carrier permit to person
who would haul for a freight
broker.

In your letter of April 26, 1940, you submit to us
the following facts regarding a proposed application for a
contract carrier permit: "A, broker" or "A, agent" is an
individual who proposes to solicit freight business from the
public. It is not proposed to issue the permit to him, but
it is proposed that he contract with "B" for the latter to
handle all of the freight thus obtained by "A, agent," and
that an application be made by B for a contract carrier permit
authorizing him to handle the business thus contracted for.

In substance you request our opinion as to whether
or not, upon an application by B for a contract carrier permit,
you would be authorized to issue such permit upon the proof
showing that the operation would be of the character set out
above.

Article 911b, Vernon's Civil Statutes, regulating
motor carrier operations, provides for the issuance of both
common carrier motor carrier certificates of convenience and
necessity and contract carrier permits. Section 10 thereof
sets forth the facts which an application for common carrier
rights must contain and Section 6(b) gives the facts which
must be shown in an application for a contract carrier permit.
Without undertaking to go into details it is sufficient to
note that the applicant for a certificate authorizing a common
carrier operation is faced with a considerably heavier burden
than is the applicant for a contract carrier permit. Further-
more, it may be observed that the holder of a certificate of
convenience and necessity as a common carrier motor carrier
enjoys broader privileges than does the holder of a permit.
The latter does not have the right to serve the public generally,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

while the former does have.

It is our opinion that the operation proposed is that of a common carrier. As we understand you, "A, broker" proposes to solicit and receive business from the public generally. Ownership of the means of transportation is not an essential element to constitute a person or corporation a common carrier. 9 Am. Jur., p. 434; 13 C. J. S., p. 31; Kettenhofen vs. Globe Transfer & Storage Co., 70 Wash. 645, 42 L. R. A. (N. S.) 902; Highway Freight Forwarding Co. vs. Public Service Comm., 164 A. 835, Pa. Superior Court. Your facts would seem to indicate that "A, broker" would be performing the service of a common carrier, and if so, since B would be doing the actual transportation for him he would likewise be acting as a common carrier. On the other hand, if "A, broker" should so organize and conduct his business as to be an agent for the shipper in each instance, B would be in no better position since he would still be serving the public generally. The fact that he would be receiving the shipments through a single forwarding agent would not affect his actual status, for the net result would be a common carrier operation by B. Upon proof showing that the operation would be as above outlined, B should receive no authority to operate except upon an application complying with Section 10 of Article 911b and proof sustaining the same.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:DBB

APPROVED JUN 13, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN